IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SANTOS LEONARDO ARANGO-ORTIZ,

          Petitioner,

     v.

MARK NOOTH, Superintendent,
Snake River Correctional
Institution,

          Respondent.

Case No. 10-CV-966-ST

FINDINGS AND RECOMMENDATION

     Anthony D. Bornstein, Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     John R. Kroger, Attorney General
     Jonathan W. Diehl, Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

   1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court convictions for Rape and Sodomy.  For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

<u>**BACKGROUND**</u>

On August 26, 2004, the Clackamas County Grand Jury indicted petitioner on three counts of Rape in the First Degree, three counts of Sodomy in the First Degree, and two counts of Sexual Abuse in the First Degree based on criminal conduct involving his wife's 10-year-old granddaughter between August 2001 and May 2004. Respondent's Exhibit 102.  Petitioner pled guilty to two counts of Rape in the First Degree and one count of Sodomy in the First Degree and entered into a stipulated sentence of 240 months in prison.  Respondent's Exhibit 103.  In exchange, the State agreed to drop the remaining charges against him.  *Id.*

Petitioner did not take a direct appeal, and instead applied for post-conviction relief ("PCR") in Malheur County.  The PCR trial court denied relief on all of his claims.  Respondent's Exhibits 115-117.  The Oregon Court of Appeals summarily affirmed the PCR trial court without opinion, and the Oregon Supreme Court denied review.  Respondent's Exhibits 121, 123.

2 - FINDINGS AND RECOMMENDATION

On August 16, 2010, petitioner filed his Petition for Writ of Habeas Corpus alleging four grounds for relief which encompass various sub-claims.  Respondent asks the court to deny relief on the Petition because: (1) petitioner has procedurally defaulted Grounds Two and Three; and (2) the PCR trial court properly denied relief on the grounds petitioner fairly presented to that court, and those findings are entitled to deference.

**FINDINGS**

I.  **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II. <u>Unargued Claims</u>

In his supporting memorandum, petitioner argues only that trial counsel was constitutionally ineffective when he: (1) failed to properly and thoroughly investigate the case; (2) failed to properly advise petitioner as to the charges and potential defenses against him; and (3) failed to ensure that petitioner's pleas were entered knowingly and voluntarily. These claims correspond to Ground One of the Petition for ineffective assistance of counsel.

Petitioner does not support any of his remaining three grounds for relief with argument, nor does he address respondent's arguments as to why those grounds do not entitle petitioner to relief. The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of

a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## III. **Ineffective Assistance of Counsel**

According to petitioner, trial counsel rendered ineffective assistance when he failed to properly investigate the case, advise petitioner as to the charges against him and pertinent defenses, and ensure petitioner's plea was knowing and voluntary. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is

whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S. Ct. at 1420.

During his PCR trial, petitioner asserted that trial counsel's investigation was inadequate and that he had told counsel of a viable defense based on only one incident of sexual misconduct with the victim during which no penetration occurred. Respondent's Exhibit 106, p. 2; Respondent's Exhibit 113, p. 5. He also claimed that counsel should have investigated whether the victim had been raped previously, although petitioner never produced any evidence to support the factual basis for such a claim. Respondent's Exhibit 113, p. 11.

Petitioner's trial counsel filed an affidavit which contradicted these statements. In his affidavit, trial counsel stated that: (1) he had produced all of the police reports in the case, and talked about them at length with petitioner;

(2) petitioner understood the evidence against him and also understood that if he proceeded to trial, not only was his granddaughter prepared to testify against him, but his wife also was prepared to testify about inculpatory statements he had made to her; (3) petitioner advised counsel not to investigate the case and to focus his efforts on obtaining the best deal possible; (4) petitioner neither informed counsel that he was innocent nor ever claimed that he had not penetrated the victim. Respondent's Exhibit 111.

The PCR trial court resolved this credibility contest in counsel's favor[1] and made the following factual findings:

> 4.  Petitioner acknowledges that the victim was truthful and further acknowledges that the victim stated petitioner had raped her.
>
> 5.  Petitioner's statements regarding his trial attorney's performance are not credible.
>
> 6.  The record contradicts petitioner's claim that he was not informed of the inculpatory evidence against him and not shown discovery.
>
> 7.  The statements of petitioner's trial attorney . . . are credible.

---

[1]  Although petitioner argues that the PCR trial court was not in a position to make a credibility determination where it did not take live testimony, the court is unaware of any authority that invalidates the presumption of correctness required by 28 U.S.C. § 2254(e)(1) in such a circumstance.

7 - FINDINGS AND RECOMMENDATION

8.    Petitioner's claims that trial counsel failed to investigate is unsupported by any evidence.

9.    Petitioner's claim that counsel erred in advising petitioner to accept the plea agreement fails for lack of proof. The credible evidence establishes that petitioner wanted counsel to "get the best possible deal," and counsel did so. Five of petitioner's eight Measure 11 charges were dismissed.

Respondent's Exhibit 116, pp. 2-3.

The PCR trial court's factual findings, including its credibility determination, are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Petitioner seeks to rebut only the PCR trial court's factual finding that there was no evidence to support petitioner's claim that his attorney failed to investigate the case. As is clear from the PCR trial court's Findings of Fact, petitioner specifically asked counsel not to investigate his case, instead directing him to focus on obtaining the best possible plea deal. Counsel did so and persuaded the prosecution to drop five of the eight Measure 11 charges against petitioner. Counsel's actions in following his client's request at a time when delay might have resulted in a less favorable plea offer is not tantamount to a "failure" to investigate by counsel.

Petitioner did not advise counsel that he had any defense and asked him not to investigate the matter. He only told counsel that

he "was in a lot of trouble" and that he simply wanted the best deal possible.  Respondent's Exhibit 111, p. 2.  Counsel went over the police reports with petitioner at length, working with an interpreter he had used several times before, and petitioner "gave every indication that he understood the evidence against him."  *Id.* Given these circumstances, counsel's performance did not fall below an objective standard of reasonableness.

Moreover, even assuming counsel's performance had fallen below an objective standard of reasonableness, petitioner would not be able to show prejudice.  Given that petitioner was unable to provide trial counsel with any viable defense in the face of eight Measure 11 sentences with a total sentencing exposure of 65 years in prison, and given that his wife and her granddaughter were prepared to testify against him, it is not reasonable to conclude that petitioner would have foregone the 240-month plea offer in order to take his chances at trial.  For all of these reasons, the PCR trial court's decision denying relief on these ineffective assistance of counsel claims was neither contrary to, nor an unreasonable application of, clearly established federal law.

///

///

///

///

///

9 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED and a judgment should be entered dismissing this case with prejudice.  The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation(s) will be referred to a district judge.  Objections, if any, are due August 29, 2011.  If no objections are filed, then the Findings and Recommendation(s) will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will go under advisement.

DATED this 12th day of August, 2011.

s/   Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION